```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

TYRONE WALKER,

                              Plaintiff,

    v.                                                   9:12-CV-0807
                                                        (TJM/CFH)

THOMAS LAVALLEY; et al.,

                              Defendants.

APPEARANCES:                               OF COUNSEL:

TYRONE WALKER
94-A-5258
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN         KRISTEN M. QUARESIMO, ESQ.
New York Attorney General              Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Pro se plaintiff Tyrone Walker commenced this civil rights action in May, 2012 asserting claims arising out of his confinement at Clinton Correctional Facility ("Clinton C.F."). Dkt. No. 1. Among the constitutional violations alleged in the complaint, plaintiff claims that he was subjected to restraint orders without due process and in violation of his right to Equal Protection, and confined under conditions constituting cruel and unusual punishment. *Id*. at

4-34.[1]

Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in September, 2013. Dkt. No. 40. Shortly thereafter, in a Decision and Order filed October 10, 2013, United States Magistrate Judge Christian F. Hummel granted plaintiff's motion to amend his complaint to assert supplemental claims regarding the December, 2011 restraint order placed against plaintiff by defendant Delutis. *See* Dkt. No. 44. Defendants filed an answer to plaintiff's supplemental complaint, and also filed a supplemental memorandum of law in support of their motion for summary judgment. Dkt. No. 58.[2]

Presently pending before this Court is plaintiff's motion seeking preliminary injunctive relief. Dkt. No. 56.

## II. DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35,

---

[1] Plaintiff alleges that he was subjected to excessive noise, provided inadequate clothing, and exposed to friable asbestos. *See* generally Dkt. No. 1. Plaintiff also alleges that he was retaliated against and that his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq., were violated. *See id.* at 35-39.

[2] Defendants' motion for summary judgment (Dkt. No. 40) has been referred to Magistrate Judge Hummel for consideration and issuance of a report-recommendation. Outstanding discovery motions (Dkt. Nos. 54, 60) will also be addressed by Magistrate Judge Hummel.

2

38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id*. at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id*.; *see Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Markets*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[3]

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, 437 Fed. App'x 57, 58 (2d Cir. 2011) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement, must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm. *Bisnews AFE (Thailand)*, 437 Fed. App'x at 58 (quoting *Faiveley*, 559 F.3d at 118).

---

[3] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

3

By his motion, plaintiff seeks "a preliminary injunction to stop being subject to restraints in the exercise area whenever the Defendants feel like it, with an illegal restraint order and to be afforded adequate clothing for exercise purposes."  Dkt. No. 56-1 at 2; *see also* Dkt. No. 56 at 23.  Plaintiff states that his requests for warm clothing have been denied by defendants, and claims that he is therefore unable to exercise outdoors during the winter months.  *See* Dkt. No. 56 at 1-9.[4]  In addition, plaintiff claims that he is denied adequate exercise as a result of being held in full restraints while in the exercise yard.  *Id*. at 10-13.

Defendants have responded in opposition to plaintiff's motion.  Dkt. No. 58.  Defendants maintain that plaintiff has failed to demonstrate either irreparable harm or a likelihood of success on the merits of his claims, and urge denial of his motion.  *Id*. at 9-13.

In a letter dated March 4, 2014, plaintiff advised that he had been transferred from Clinton Correctional Facility to Upstate Correctional Facility.  Dkt. No. 66.  "It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility.'"  *Sweeper v. Taylor*, 383 Fed. App'x 81, 82 (2d Cir. 2010) (quoting *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996)); *see also Thompson v. Choinski,* 525 F.3d 205, 209 (2d Cir. 2008) (same).  In light of plaintiff's transfer to Upstate Correctional Facility, his claims for injunctive relief against defendants, all of which arose at Clinton Correctional Facility, are moot and his motion must be denied.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 56) is

---

[4] Plaintiff states that he is not able to exercise in his cell because of the "dry air from the radiator" and because he is not allowed to wear his medical boots in his cell.  *See* Dkt. No. 56 at 1-2.

**DENIED**; and it is further

      **ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated:  March21 , 2014

_____
Thomas J. McAvoy
Senior, U.S. District Judge