UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRONE WALKER,

                         Plaintiff,                  12-CV-807
      v.                                          (TJM/CFH)

THOMAS LaVALLEY, et al.,

                         Defendants.
_____

**APPEARANCES:**                                          **OF COUNSEL:**

TYRONE WALKER
Pro Se Plaintiff
94-A-5258
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN                JOSHUA E. McMAHON, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## DECISION AND ORDER

      Plaintiff pro se Tyrone Walker commenced this action in May, 2012, pursuant to 42 U.S.C. § 1983, asserting that four defendants violated his constitutional rights while he was incarcerated at Clinton Correctional Facility. Presently before the Court is a motion for recusal seeking the undersigned be removed from this case in conjunction with events which occurred during a telephone conference, resulting in a written order from the undersigned on Walker's motion to compel. Dkt. Nos. 77. Defendants took no position with regard to Walker's motion. Dkt. No. 78. For the reasons stated below, Walker's motion is denied.

On April 18, 2013, Walker filed a motion to supplement and amend his complaint. Dkt. No. 32. Defendants opposed the motion. Dkt. No. 34. By written order, Walker's April 28, 2013 motion was granted in part and denied in part. Dkt. No. 44. Specifically, the Court denied Walker's request to join an additional defendant and granted his request to supplement his claims related to a December, 2011 restraint order. Id. at 6, 8–9.

On September 9, 2013, Walker filed a motion to compel further discovery from defendants. Dkt. No. 39. Defendants did not respond to that motion. On September 30, 2013, defendants filed a motion for summary judgment. Dkt. No. 40. The Court ordered a telephone conference to occur on November 18, 2013. Dkt. No. 52. That conference was held, on-the-record, with counsel for defendants and Walker at 9:30 a.m. Dkt. Nos. 52, 53. By order dated November 20, 2013, the Court granted Walker's motion to compel to the extent that defendants shall filed supplemental responses to plaintiff pro se's interrogatories, notices to admit, and production of documents by December 23, 2013. Dkt. No. 53 at 2.

On February 10, 2014, Walker filed a motion to compel responses to interrogatories, admissions, production of documents, genuineness of document, and seeking the imposition of sanctions. Dkt. No. 60. Defendants opposed that motion. Dkt. No. 64. A conference was held on-the-record with counsel for defendants and Walker on May 1, 2014 at 9:30 a.m. Text Minute Entry dated 05/01/2014. A second conference was conducted on-the-record, with counsel for defendants and Walker on May 16, 2014 at 9:30 a.m. Text Minute Entry dated 05/16/2014. By order dated May 19, 2014, the Court directed defendants to serve supplemental responses to Walker's

discovery demands as directed by the Court by June 16, 2014 and denied Walker's request for the imposition of sanctions. Dkt. No. 76. The Court further indicated that discovery in this matter is closed. Id.

The docket sheet for this case indicates that the conference held on May 16, 2014 lasted for forty minutes. Text Minute Entry dated 05/16/14. It is the Court's recollection that at the inception of the conference, Walker expressed frustration and disagreed with the Court's previous rulings on interrogatories and admissions. The Court recalls that during the second half of the conference, Walker again expressed the same frustration and attempted to revisit those rulings previously made by the Court. The Court terminated the conference by directing defendants to respond to certain of Walker's discovery demands.

Now, Walker has filed a motion for recusal of the undersigned claiming that the undersigned "demonstrated biasness [sic], and prejudicial conduct towards [him] and . . . was partial towards the defendants." Dkt. No. 77 at 1. Walker further claims that the undersigned tried "to bolster the lies of the Attorney for the Defendants and state certain restraint orders [were] not related to the 12-20-11 restraint order and even initiate denying certain admissions to be answered without prompting from plaintiff's opponent." Id. at 4. Walker disagreed with the legal rulings of the undersigned and contends that the undersigned terminated the conference without addressing the issue of sanctions. Id.

The Court construes Walker's recusal motion as being brought under 28 U.S.C. § 144 and § 455. See Dkt. No. 79 (Walker affidavit invoking the former statute only). Both statues are construed in pari materia using the same objective analysis. Apple v.

Jewish Hosp. and Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987). Section 144 provides that a federal judge must recuse himself when a party has filed a "timely and sufficient affidavit" showing that the judge has "a personal bias or prejudice" against the party or in favor of an adverse party. 28 U.S.C. § 144. However, the filing of such an affidavit does not automatically disqualify a judge. Apple, 829 F.2d at 333. Section§ 455(a) states that a federal judge must recuse himself in any proceeding where "his impartiality might reasonably be questioned. . . . [or] he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." See 28 U.S.C. § 455(a) & (b)(1). "The substantive inquiry to determine bias or prejudice is whether a reasonable person, knowing all the facts, would conclude that the . . . judge's impartiality could reasonably be questioned." Jemzura v. Public Service Com'n, 961 F. Supp. 406, 410 (N.D.N.Y. 1997) (internal quotation marks and citations omitted). Thus, "recusal is appropriate only when the opinions formed by a . . . judge display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. (citing Groden v. Random House, Inc., 61 F.3d 1045, 1053 (2d Cir. 1995) (internal quotation marks omitted)).

With respect to a claim of personal bias or prejudice, the Second Circuit has held that "adverse rulings by a judge can[not] per se create the appearance of bias under [§] 455(a)." In re Int'l Bus.Machines Corp., 618 F.2d 923, 929 (2d Cir. 1980). The Second Circuit went on to explain that:

> A trial judge must be free to make rulings on the merits without the apprehension that if he makes a disproportionate number in favor of one litigant, he may have created the impression of bias. Judicial independence cannot be subservient to a statistical study of the calls he has made

during the contest.

Id. (citations omitted). "[J]udicial rulings alone almost never constitute a valid basis for bias . . . [instead judicial opinions] are proper grounds for appeal, not recusal." Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted).

Contrary to Walker's unsupported suppositions, this Court has no personal bias nor interest in this litigation. Moreover, Walker has not presented any objectively reliable facts that even suggest that this Court has not been impartial. Although Walker disagrees with certain of this Court's rulings, that disapproval alone does not "constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. at 555. Accordingly, Walker's motion for recusal is denied.

**WHEREFORE**, it is hereby

**ORDERED**, that Walker's motion for recusal (Dkt. No. 77) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 28, 2014
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

5